# Wheeling.

## JOSEPH MYERS *vs.* JAMES McGRAW.

### July Term, 1871.

1. A bond is offered in evidence, to which is affixed a United States Internal Revenue stamp. The defendant offers to prove that the bond was not stamped at the time of its execution, but since then a stamp had been affixed to it without his knowledge, consent or authority. The plaintiff objected to this offer of proof by the defendant, and the court below sustained the objection; which is held to be a proper ruling.

2. It is error for the court below to refuse to permit the defendant to testify to a fact in relation to which the plaintiff has already testified; the statute which permits parties to testify in their own behalf being intended to protect equality of rights.

Action of debt, brought to November rules, 1867, in circuit court of Jefferson county. The defendant pleaded failure of consideration in the bond. Verdict and judgment for the plaintiff for the whole amount of his claim at June term, 1868.

On the trial the plaintiff offered the bond in evidence, which was objected to by the defendant as not having been stamped according to act of Congress, and offered to prove that the bond was not stamped at the time of its execution, but since its execution a stamp had been placed upon it without his knowledge or authority. The plaintiff objected to the introduction of the proof thus offered, and the objection was sustained, whereupon the defendant excepted.

The plaintiff testified as a witness, concerning certain declarations alleged to have been made by himself, at the time of the sale of the horse for which the bond in suit was given. The defendant was thereupon called to testify whether the plaintiff had made the declarations alleged by the plaintiff, to which the plaintiff objected, and the court sustaining

the objection and refusing to permit the defendant to testify, the latter again excepted.

The defendant brought the case to this court.

Stanton & Allison for plaintiff in error.
C. J. Faulkner for defendant in error.

MOORE. J. There is nothing in the record that indicates that the revenue stamp was placed upon the bond contrary to the acts of Congress. The stamp was on the bond at the time it was put in evidence. When or how it was placed there, does not appear. The objection defendant made to it was not that it was placed there contrary to the provisions of the revenue laws in such cases made and provided, but because it was done without the knowledge, consent or authority of defendant. It may be true that the stamp was placed on the bond without the knowledge, consent or authority of defendant, and yet done under authority of the Revenue act; and without proof to the contrary, the court will presume it was properly and legally placed on the bond. No proof of that kind was offered. All the defendant offered to prove was that the bond was not stamped at the time of its execution, but since that time the bond had a stamp placed on it without the knowledge, consent or authority of the defendant. The plaintiff objected to the introduction of the evidence, and the court properly sustained the objection.

As to the second bill of exception, this court cannot determine whether the circuit court ruled properly or not. The bill does not indicate what the message was upon which was based the plaintiff's reply. There may be cases proper for the admission of evidence to messages where the reply would be material to the proper adjudication of the issue, but this bill of exceptions does not indicate enough to enable us to determine that point here.

The court erred, as appears from the last bill of exceptions, in refusing to permit the defendant to attempt to rebut with his own testimony the plaintiff's, after having permitted the plaintiff to testify that " he told the defendant that the horse, which constituted a part of the consideration of said note, was an original." There can be no doubt, as the statute

now permits parties to testify in their own cases, that where either party testifies to a fact, the other has the same right. The law is intended to protect equality of rights. The question of unsoundness was a question of fact for the jury and not a question of law to be determined by the court. *Thornton* vs. *Thomas et al.*, 4 Gratt., 121.

The judgment should be reversed with costs to the appellant here, and the cause remanded to the circuit court for further proceedings.

The other Judges concurred.

JUDGMENT REVERSED.